**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD VALDEZ,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>STUART SHERMAN, Warden,<br><br>　　　　　　Respondent. | Case No. SACV 17-1935-GW (AS)<br><br>**ORDER ACCEPTING FINDINGS,**<br>**CONCLUSIONS AND**<br>**RECOMMENDATIONS OF UNITED**<br>**STATES MAGISTRATE JUDGE** |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, all the records herein and the attached Report and Recommendation of United States Magistrate Judge. After having made a de novo determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge. However, the Court addresses certain arguments raised in the Objections below.

　　　Respondent argues that the Magistrate Judge failed to properly apply AEDPA deference to the deficient-performance prong of Petitioner's Strickland claim. (Objections at 5-9). Respondent

misconstrues the Report and Recommendation. The Magistrate Judge applied the correct, highly deferential standard applicable to Strickland claims on habeas review, and appropriately concluded that the state court's determination on deficient performance was objectively unreasonable, and there was no reasonable basis for the state court to deny relief. See Harrington v. Richter, 562 U.S. 86, 105 (2011) ("When § 2254(d) applies, the question is . . . whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.").

As Respondent points out, there is no explanation in the record for trial counsel's challenged actions – namely, for why counsel did not move to sever Petitioner's trial from that of his separately charged co-defendant. Trial counsel died shortly after trial, and apparently never addressed this issue. Respondent contends that "this evidentiary deficiency alone ends the inquiry," suggesting that the Court must deny the claim simply because there is no explanation from counsel. (Objections at 6). Respondent cites Burt v. Titlow, 571 U.S. 12 (2013), in support of its argument that establishing deficient performance requires evidence that the allegedly deficient conduct actually occurred. However, in that case, the Supreme Court held that, absent evidence that counsel gave inadequate advice, petitioner could not prevail on his claim that his counsel provided constitutionally inadequate advice on whether to withdraw his guilty plea. Id. at 22-23. Here, trial counsel's alleged deficiency - his failure to move for a severance – is beyond dispute. What is unknown is why counsel did not do so. A lack of explanation for trial counsel's conduct certainly

2

does not prevent the Court from determining, based on the record, that the conduct was constitutionally deficient, or that the state court was objectively unreasonable in concluding otherwise. See Gabaree v. Steele, 792 F.3d 991, 997 n.5 (8th Cir. 2015) ("[I]t is not counsel's inability to recall the reasons for her decisions that warrants relief in this case — nor could it be, for that would violate the presumption that the attorney has performed reasonably. Rather, it is what we can discern from the state record reasonably could have been counsel's strategy, and the unreasonable nature of that strategy, that convinces us that relief is appropriate."); Alcala v. Woodford, 334 F.3d 862, 871 (9th Cir. 2003) ("Although trial counsel's lack of recollection as to why he did not present this evidence does not, in and of itself, rebut the presumption that counsel acted reasonably, neither does it compel us to conclude that his actions were reasonable where all of the other record evidence suggests otherwise."); Williams v. Woodford, 859 F. Supp. 2d 1154, 1166 (E.D. Cal. 2012) (trial counsel was deficient when counsel offered no explanation and the court was "aware of no strategy, and the warden [had] suggested none, that could have justified" counsel's failure to call witness).

    Respondent also contends that the Magistrate Judge improperly "conducted an independent and direct evaluation of trial counsel's performance," rather than "ask[ing] whether no reasonable jurist could possibly agree with the state Court of Appeal's decision." (Objections at 7). However, even while giving deference to the

California Court of Appeal's brief decision on this issue,[1] a review of the record is necessary to determine whether that decision is reasonable. See Gabaree v. Steele, 792 F.3d 991, 999 (8th Cir. 2015) (on habeas review, rejecting state court's conclusion because trial counsel's purported strategy conflicted with the record). Here, the Magistrate Judge appropriately conducted a careful review of the record to conclude that <u>no</u> trial strategy - including the two hypothetical strategies suggested by the Court of Appeal - could support a reasonable view that counsel was not constitutionally deficient.

Respondent argues that in reviewing the record, the Magistrate Judge also "overlooked that counsel's actions must be evaluated from the perspective of counsel at the time of the action." (Objections at 8). However, Respondent does not identify any material way in which the facts known to trial counsel would have differed prior to trial, when counsel should have moved for a severance. To the contrary, the facts demonstrating the unreasonableness of a joint trial, as discussed at length in the

---

[1] As explained in the Report and Recommendation, the California Court of Appeal issued the last reasoned decision denying Petitioner's claim on direct review, finding that because the record contained no explanation for counsel's actions, this was not a case where no plausible reason could possibly exist. Although the Court of Appeal suggested that Petitioner pursue his ineffective assistance claim in a habeas petition, a more appropriate avenue for relief for such claims, the court was unaware that no explanation was available from Petitioner's trial counsel because he had died after trial. When Petitioner later filed a habeas petition in the California Supreme Court, he notified the court of this fact, and the court denied the claim without comment.

Report and Recommendation, would have been broadly apparent to trial counsel at that time. Given the particular facts of the case, for the reasons stated in the Report and Recommendation, no fairminded jurist could disagree that trial counsel's failure to move for a severance constituted deficient performance under Strickland, and the state court's contrary decision was an objectively unreasonable application of the Strickland standard.

Respondent also disputes the Magistrate Judge's analysis regarding prejudice. (Objections at 9-11). Respondent suggests that AEDPA deference is applicable to this issue. (Id. at 9). However, because the California Court of Appeal, in the last reasoned decision, did not consider whether prejudice resulted from trial counsel's actions, the Magistrate Judge appropriately reviewed this issue de novo, while also noting that the conclusion would be the same under either standard in this case. See Porter v. McCollum, 558 U.S. 30, 39 (2009) ("Because the state court did not decide whether Porter's counsel was deficient, we review this element of Porter's Strickland claim de novo."); Weeden v. Johnson, 854 F.3d 1063, 1071 (9th Cir. 2017) (applying AEDPA deference to review state court's reasoned determination regarding deficient performance, but reviewing prejudice de novo because the California Court of Appeal did not reach the issue (citing Rompilla v. Beard, 545 U.S. 374, 390 (2005); Wiggins v. Smith, 539 U.S. 510, 534 (2003))).

Respondent contends that any risk of prejudice in a joint trial was cured by the trial court's jury instruction, and the

1  Magistrate Judge "improperly discounted" the presumption that the
2  jurors followed this instruction. (Objections at 10). However,
3  jury instructions do not always suffice to neutralize the
4  prejudicial effect of evidence introduced against co-defendants,
5  particularly where, as here, the cases against the respective co-
6  defendants were unconnected but subject to confusion. See United
7  States v. McRae, 702 F.3d 806, 827 (5th Cir. 2012) (court was
8  "unconvinced that limiting instructions did, or could have cured
9  the prejudice of the spillover effect from the government's case
10 against" co-defendants for unrelated charges, in part because "it
11 was easy to confuse the allegations against the defendants");
12 United States v. Cortinas, 142 F.3d 242, 248-49 (5th Cir. 1998)
13 (limiting instructions inadequate to dispel prejudice of joint
14 trial where defendants, charged with money laundering and drug
15 possession as part of a conspiracy that also involved a violent
16 biker gang that had murdered a young boy, had withdrawn from the
17 conspiracy before biker gang joined the conspiracy); United States
18 v. Sampol, 636 F.2d 621, 647 (D.C. Cir. 1980) (jury instruction
19 could not adequately protect against prejudice of joint trial where
20 there was gross disparity in evidence against co-defendants, and
21 it was "unreasonable to expect that the jury succeeded in
22 compartmentalizing the evidence adduced at trial"); United States
23 v. Donaway, 447 F.2d 940, 943 (9th Cir. 1971) (petitioner was
24 prejudiced by joint trial "[d]espite the trial judge's sincere
25 effort to keep the jury aware of the limitations in the
26 admissibility of evidence," where substantial majority of trial
27 dealt with charges against co-defendants to which petitioner "had
28 no connection").

Even if appropriate jury instructions could have ameliorated the prejudice in this case, the instruction here was inadequate to do so. Rather than a "carefully crafted" instruction to ensure a clear understanding of the distinct charges and evidence against the two co-defendants, see United States v. Lane, 474 U.S. 438, 450 n.13 (1986) (potential for prejudice from joint trial may be "reduced to a minimum by carefully crafted limiting instructions"), the trial court's only apparent instruction on this matter was a brief and general statement that the jury "must separately consider the evidence as it applies to each defendant," and "must decide each charge for each defendant." (7 RT 1168; 1 CT 227). For the reasons discussed at length in the Report and Recommendation, the risk of prejudice from the joint trial here was too great to be overcome by this general instruction.

A motion for severance, on the other hand, would have assured Petitioner a separate trial from his co-defendant, who had no direct connection to Petitioner, and whose charges for four robberies were importantly distinct and independent from Petitioner's one charged robbery, and entailed considerable evidence that would have been inadmissible against Petitioner. Respondent's characterization of "other corroborating evidence" against Petitioner is misleading. (See Objections at 10-11). Respondent states, for example, "When police apprehended [Petitioner], they found that he had shed some of those very clothes in the getaway car," referring to the clothes seen on the robbery suspect. (Id. at 11). Petitioner was arrested more than a week after the robbery, not within any apparent proximity of the getaway

1  car. (See 6 RT 1068-69). The only clothing linked to Petitioner
2  from the getaway car was a baseball cap, for which Petitioner
3  provided a plausible explanation in his trial testimony, as
4  discussed in the Report and Recommendation. Considering the record
5  as a whole, the Magistrate Judge correctly determined that it is
6  reasonably probable that the jury would have reached a different
7  verdict if Petitioner's trial counsel had moved for a severance.

9  Respondent's remaining contentions were addressed and
10 rejected by the Report and Recommendation. In sum, the Objections
11 do not cause the Court to reconsider its decision to accept the
12 Magistrate Judge's conclusions and recommendations.

14 **IT IS ORDERED** that Judgment shall be entered conditionally
15 granting the First Amended Petition, directing Respondent to
16 release Petitioner unless the State of California elects to grant
17 Petitioner a new trial within ninety (90) days from the entry of
18 judgment herein, or such further time as reasonably allowed under
19 state law.
20 //
21 //
22 //

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on counsel for Petitioner and counsel for Respondent.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: May 15, 2020.

                                            GEORGE H. WU
                               UNITED STATES DISTRICT JUDGE